**STUART R. FRAENKEL – SBN 173991**
**NICOLE C. ANDERSEN – SBN 281218**
**CARLOS F. LLINÁS NEGRET – SBN 284746**
**NELSON & FRAENKEL LLP**
601 S. Figueroa St., Ste. 2050
Los Angeles, CA  90017
Tel: (844) 622-6469 / Fax: (213) 622-6019
Email: stuart@nflawfirm.com
Email: nandersen@nflawfirm.com
Email: cllinas@nflawfirm.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

IRENE ZHANG, individually; LEI DONG, individually; CATHERINE XIAOMEI LIU, individually; ROBERT ROBBINS, individually, and as the parent, next friend,  and guardian ad litem on behalf of  A.R., a minor, F.R., a minor, S.R., a minor, A.R., a minor, and C.R., a minor; VANESSA ROBBINS, individually; COOPER ROBBINS, individually; LUCY GLASSMAN, individually; RICKY GLASSMAN, individually; NORA HELEN FERRUFINO, individually; CHARLES SHEN HAO, individually; CHOON YUL LEE, individually; YOON KIL LEE, individually; HYUN SHIM KIM, individually: YAN DENG, individually; GUO QIANG DING, individually; JACQUELINE GEE, individually; YU QIAN GE, individually; BILAN HEIF, individually; SOPHIA JIANG, individually; XIN JIE LI, individually; JOE YOUNG SUNG, individually; YU DAN WANG, individually;

CASE NO.  2:21-cv-01840-VAP-JC

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

SALVADOR F. RIVAS, individually;
MING WU, individually and as the
parent, next friend, and guardian ad
litem on behalf of J.W., a minor, and
F.W., a minor; YUAN XIE,
individually, XINGWEN YE,
individually; YONG CHEN ZHI,
individually; ZHENG LIANG,
individually; SZUTING CHEN,
individually; SHEE WAI KUEN,
individually;  ZHONG PING GAO,
individually; YUAN GAO, individually
and as the parent, next friend and
guardian ad litem on behalf of E.S., a
minor; and POES 1 through 10,
inclusive;

Plaintiffs,

vs.

AIR CHINA LIMITED, a foreign
corporation and DOES 1 through 5,
inclusive;

Defendants.

━━━━━━━━━━━━━━━━━━━━━━━

    Plaintiffs  IRENE  ZHANG,  individually;  LEI  DONG,  individually;
CATHERINE  XIAOMEI  LIU,  individually;  ROBERT  ROBBINS,  individually,
and as the parent, next friend,  and guardian ad litem on behalf of  A.R., a minor,
F.R., a minor, S.R., a minor, A.R., a minor, and C.R., a minor; VANESSA
ROBBINS, individually; COOPER ROBBINS, individually; LUCY GLASSMAN,
individually;  RICKY  GLASSMAN,  individually;  NORA  HELEN  FERRUFINO,
individually;  CHARLES  SHEN  HAO,  individually;  CHOON  YUL  LEE,
individually; YOON  KIL  LEE, individually;  HYUN  SHIM  KIM, individually:
YAN  DENG,  individually;  GUO  QIANG  DING,  individually;  JACQUELINE

GEE, individually; YU QIAN GE, individually; BILAN HEIF, individually; SOPHIA JIANG, individually; XIN JIE LI, individually; JOE YOUNG SUNG, individually; YU DAN WANG, individually; SALVADOR F. RIVAS, individually; MING WU, individually and as the parent, next friend, and guardian ad litem on behalf of J.W., a minor, and F.W., a minor; YUAN XIE, individually, XINGWEN YE, individually; YONG CHEN ZHI, individually; ZHENG LIANG, individually; SZUTING CHEN, individually; SHEE WAI KUEN, individually; ZHONG PING GAO, individually; YUAN GAO, individually and as the parent, next friend and guardian ad litem on behalf of E.S., a minor; and POES 1 through 10, inclusive (hereinafter collectively the "Plaintiffs"), through their counsel, bring this action against defendant AIR CHINA LIMITED ("AIR CHINA"), a foreign corporation; and DOES 1 through 5, inclusive (hereinafter collectively the "Defendants"), and in support thereof, allege as follows:

## I.

## <u>INTRODUCTION</u>

1.    This action arises out of AIR CHINA Flight CA-983 ("Flight 983") on March 4, 2019, in which numerous passengers suffered injuries on board Flight 983 and/or during disembarkation of Flight 983 following an emergency landing (hereinafter referred to as the "the Accident").  The aircraft involved was a Boeing 777-300, registered as B-2040, performing Flight 983 from Beijing (China), to Los Angeles, California (USA) with 188 passengers on board.  While enroute to Los Angeles, the crew of Flight 983 claims to have received an aft cargo smoke indication, and as a result, diverted the Flight to Anadyr Airport, in the subarctic district of Chukotka, East Siberia, Russia.

2.    At all times material, the subject fire alarm was triggered over navigable waters in the North Pacific Ocean, the aircraft engaged in an emergency landing over navigable waters, and ultimately landed in the commercial coastal port city of Anadyr, Russia.

3.      After landing, the crew deployed the slides and forced the passengers to rapidly disembark down the slides in chaos and panic.  The slide disembarkation occurred in arctic conditions at, near or below freezing temperatures. The airplane slides and passengers were battered and tossed by strong winds and severe inclement temperatures. The slides became destabilized, causing passengers to be tossed and flung around like ragdolls. The alleged aft cargo smoke indication was claimed to be a false alarm.



4.      On or about March 5, 2019, AIR CHINA issued an apology for the Accident in an online posting, stating that the Accident was triggered by a faulty fire alarm, or words to that effect:

中国国际航空 Ｖ
3月5日 06:26 来自 iPhone 7 Plus

＋关注

3月4日国航CA983航班（北京-洛杉矶，波音777-300ER执飞），北京时间21:13从北京首都国际机场起飞。在俄罗斯空域飞行过程中，飞机出现后货舱火警信息，机组按照火警处置程序及时进行处置。为确保安全，该航班于北京时间3月5日2:55就近安全备降俄罗斯阿纳德尔机场，并实施紧急撤离程序。目前，人机安全，全体旅客已在候机楼内休息。落地后经检查，飞机货舱正常且无过火痕迹，初步判断为飞机火警信息故障。国航已调配飞机前往俄罗斯阿纳德尔机场做好旅客后续运输工作。由此给旅客带来的不便，国航深表歉意。

5.    Upon information and belief, inspections of the aircraft after landing revealed the cargo hold to be in a normal condition without any signs of a fire whatsoever.

## II.
## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air (Montreal, May 28, 1999) (hereinafter referred to as the "Montreal Convention").    This Flight involved the international carriage of passengers between China and the United States of America, both of whom are signatories to the Montreal Convention.

7.    Under Article 33 (1) and (2) of the Montreal Convention, AIR CHINA has its California principal place of business in Los Angeles County, California; jurisdiction in this court is proper as Los Angeles, California was the place of destination for Flight 983. Furthermore, at the time of the Accident, multiple passenger Plaintiffs had their principal and permanent residences in Los Angeles County, California; AIR CHINA operates services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement, to or from Los Angeles County, California; and AIR CHINA conducts its business of carriage of passengers by air from premises leased

or owned by AIR CHINA itself or by another carrier with which it has a commercial agreement, within Los Angeles County, California.

8.    In the alternative, this Court also has jurisdiction over Plaintiffs' claims under the maritime and admiralty jurisdiction of the Court, pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

9.    Maritime jurisdiction is appropriate when a potential hazard to maritime commerce arises out of an activity that bears a substantial relationship to maritime activity. *Sisson v. Ruby*, 497 U.S. 358 (1990); *Executive Jet Aviation v. City of Cleveland*, 409 U. S. 249 (1972). In this case, the Accident represented a potential hazard to maritime commerce and bears a substantial relationship to maritime activity. At all times material, the subject fire alarm was triggered over navigable waters in the North Pacific Ocean, the aircraft engaged in an emergency landing over navigable waters, and ultimately landed in the commercial coastal port city of Anadyr, Russia.

10.   Venue is proper in this district pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391, and because (1) AIR CHINA is found and transacts business in this district; (2) AIR CHINA maintains a physical presence and its California principal place of business in Los Angeles County within this district.

## III.

## PARTIES

### A.    Plaintiffs

11.   At all times herein mentioned, Plaintiff IRENE ZHANG is and was an individual and citizen of California who resides in the County of Los Angeles, California.

12.   At all times herein mentioned, Plaintiff LEI DONG is and was an individual and citizen of California who resides in the County of Los Angeles, California.

13.    At all times herein mentioned, Plaintiff CATHERINE XIAOMEI LIU is and was an individual and citizen of California who resides in the County of Los Angeles, California.

14.    At all times herein mentioned, Plaintiff ROBERT ROBBINS, individually, next friend, and as the parent and guardian ad litem on behalf of C.R., a minor, A.R., a minor, F.R., a minor, S.R., a minor, A.R., a minor, and C.R., a minor, was and is a citizen of the State of Texas. Petitions for Guardian ad Litem are in the process of being executed and will be filed in short order.

15.    At all times herein mentioned, Plaintiff VANESSA ROBBINS, is and was an individual and citizen of the State of Texas.

16.    At all times herein mentioned, Plaintiff COOPER ROBBINS, is and was an individual and citizen of the State of Texas.

17.    At all times herein mentioned, Plaintiff LUCY GLASSMAN is and was an individual and citizens of the State of New Mexico.

18.    At all times herein mentioned, Plaintiff RICKY GLASSMAN is and was an individual and citizens of the State of New Mexico.

19.    At all times herein mentioned, Plaintiff NORA HELEN FERRUFINO is and was an individual and citizen of the Republic of El Salvador.

20.    At all times herein mentioned, Plaintiff CHARLES SHEN HAO is and was an individual and citizen of The People's Republic of China ("PRC").

21.    At all times herein mentioned, Plaintiff CHOON YUL LEE is and was an individual and citizen of the Republic of Korea.

22.    At all times herein mentioned, Plaintiff YOON KIL LEE is and was an individual and citizen of the State of California.

23.    At all times herein mentioned, Plaintiff HYUN SHIM KIM is and was an individual and citizen of the Republic of Korea.

24.    At all times herein mentioned, Plaintiff YAN DENG is and was an individual and citizen of the People's Republic of China.

25.    At all times herein mentioned, Plaintiff GUO QIANG DING is and was an individual and citizen of the State of California.

26.    At all times herein mentioned, Plaintiff JACQUELINE GEE is and was an individual and citizen of California who resides in the County of Los Angeles, California.

27.    At all times herein mentioned, Plaintiff YU QIAN GE is and was an individual and citizen of the State of California.

28.    At all times herein mentioned, Plaintiff BILAN HEIF, is and was an individual and citizen of the State of California.

29.    At all times herein mentioned, Plaintiff SOPHIA JIANG is and was an individual and citizen of the State of California.

30.    At all times herein mentioned, Plaintiff XIN JIE LI is and was an individual and citizen of the State of California.

31.    At all times herein mentioned, Plaintiff JOE YOUNG SUN, is an was an individual and citizen of the Republic of Korea.

32.    At all times herein mentioned, Plaintiff YU DAN WANG is and was an individual and citizen of the State of California.

33.    At all times herein mentioned, Plaintiff SALVADOR F. RIVAS is and was an individual and citizen of the Republic of El Salvador.

34.    At all times herein mentioned, Plaintiff MING WU, individually and as the parent, next friend, and guardian ad litem on behalf of J.W., a minor, and F.W., a minor, is and was a citizen of the State of California. Petitions for Guardian ad Litem are in the process of being executed and will be filed in short order.

35.    At all times herein mentioned, Plaintiff YUAN XIE is and was an individual and citizen of the State of California.

36.    At all times herein mentioned, Plaintiff XINGWEN YE is and was an individual and citizen of The People's Republic of China ("PRC").

37.    At all times herein mentioned, Plaintiff YONG CHEN ZHI is and was an individual and citizen of The People's Republic of China ("PRC").

38.    At all times herein mentioned, Plaintiff ZHENG LIANG is and was an individual and citizen of the State of California.

39.    At all times herein mentioned, Plaintiff SZUTING CHEN is and was an individual and citizen of the Republic of Singapore.

40.    At all times herein mentioned, Plaintiff SHEE WAI KUEN is and was an individual and citizen of the Republic of Singapore.

41.    At all times herein mentioned, Plaintiff ZHONG PING GAO is and was an individual and citizen of The People's Republic of China ("PRC").

42.    At all times herein mentioned, Plaintiff YUAN GAO, individually and as the parent, next friend and guardian ad litem on behalf of E.S., a minor, is and was a citizen of the State of California.

**B.    Other Plaintiffs**

43.    The true names and capacities of Plaintiffs POES 1 – 10, inclusive, and each of them, are unknown to Plaintiffs who therefore bring this action by such fictitious names.  Plaintiffs further allege that each fictitiously named Plaintiff was in some manner injured by the acts and occurrences alleged herein.  Plaintiffs will amend this Complaint to show their true names and capacities when the same are ascertained.

**C.    Defendants**

44.    At all times herein mentioned, defendant AIR CHINA is and was a foreign corporation domiciled and existing under the laws of The People's Republic of China ("PRC"), with its California principal place of business located in the City of El Segundo, County of Los Angeles.  Defendant AIR CHINA is, and at all times herein mentioned was, a common carrier for hire in the business of soliciting and/or transporting passengers for regularly scheduled flights in and out of Los Angeles, California and throughout the world.  Plaintiffs are informed and

believe, and thereon allege that AIR CHINA is doing business and deriving substantial revenue in this District by virtue of international flights AIR CHINA operates into and out of this District.  Defendant AIR CHINA is, and at all time herein mentioned was, a carrier within the meaning of the Montreal Convention, operating round trip flights between Beijing, China and Los Angeles, California, and throughout the world.

### D.    Other Defendants

45.    The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 5, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs further allege that each of said fictitious Defendants is in some manner responsible for the acts and occurrences hereinafter set forth.  Plaintiffs will amend this Complaint to show their true names and capacities when the same are ascertained, as well as the manner in which each fictious Defendant is responsible.

### E.    Agency & Concert of Action

46.    At all times herein mentioned, AIR CHINA and DOES 1-5, inclusive, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants.  Each of the defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein.  In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its

conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## IV.

## GENERAL ALLEGATIONS

47.    On or about March 4, 2019, Plaintiffs were all fare paying passengers lawfully aboard by Flight 983.

48.    At all times herein mentioned, AIR CHINA and DOES 1-5, inclusive, entered into a contract of carriage with Plaintiffs, and were in control of, and responsible for, Plaintiffs' safe transport.

49.    At all times herein mentioned, AIR CHINA and DOES 1-5, inclusive, employed a flight crew who was in control of, and responsible for the safe and secure operation of Flight 983, as well as, the safety and well-being of Plaintiffs from the point of departure (Beijing, China) to the place of destination (Los Angeles, California).

50.    At all times herein mentioned, AIR CHINA and DOES 1-5, inclusive, were responsible for the training, management, supervision, and/or control of its Flight 983 flight crew, including the preparation and issuance of safety policies, protocols, Standard Operating Procedures ("SOPs"), the Flight Crew Operating Manual ("FCOM"), and the Flight Crew Training Manual ("FCTM"), as well as, the Flight crew's adherence to those safety policies, protocols, SOPs, FCOM, FCTM, as well as, the Airplane Flight Manual ("AFM").

51.    At all times herein mentioned, AIR CHINA and DOES 1-5, inclusive, were also responsible for the service, maintenance, inspection, and/or repair of the subject aircraft, including its fire detection and/or fire suppression equipment, instruments, sensors and systems.  At all times herein mentioned, the aircraft was under Defendants' exclusive control and none of the Plaintiffs contributed to the cause of the Accident.

52.     At all times herein mentioned, AIR CHINA and DOES 1-5, inclusive, were also responsible for the safety of the passengers, including the embarkation and debarkation procedures, equipment and instructions.

53.     During Flight 983, the flight crew claims to have received an aft cargo smoke indication and diverted the Flight to Anadyr Airport, Russia.  Upon landing, and without further verifying the presence of smoke or fire, the Flight crew forced the Plaintiffs to disembark the aircraft in chaos and panic, using emergency evacuation slides and sending Plaintiffs destined for Los Angeles, California into the Siberian arctic weather, frigid cold and high winds, causing Plaintiffs to be tossed and thrown around while disembarking, suffering serious personal and bodily injuries.   The aforementioned events constituted an "accident" and/or "accidents" within the meaning of the Montreal Convention.

## FIRST CAUSE OF ACTION

### (Montreal Convention)

### By All PLAINTIFFS Against AIR CHINA and DOES 1-5

54.     Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint and makes said paragraphs part of this first cause of action, as though fully set forth herein at length.

55.     Pursuant to Article 17 of the Montreal Convention, the carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition that the subject "accident" that caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

56.     Pursuant to the terms of the Montreal Convention, AIR CHINA and DOES 1-5, inclusive, and each of them, are liable for the injuries and resulting damages sustained by Plaintiffs as passengers aboard Flight 983, as said injuries occurred while Plaintiffs were on board the subject flight, and / or during the course of disembarking.

57.    Pursuant to Articles 17 and 21(1) of the Montreal Convention, AIR CHINA and DOES 1-5, inclusive, and each of them, are strictly liable to Plaintiffs for provable damages of up to 128,821 Special Drawing Rights ("SDRs").

58.    Plaintiffs' injuries were not caused or contributed to by their own negligence or other wrongful act or omissions.

59.    Pursuant to Articles 17 and 21 (2) of the Montreal Convention, AIR CHINA and DOES 1-5, inclusive, and each of them, are liable to Plaintiffs for damages in excess of 128,821 SDRs because Plaintiffs' injuries were solely due to Defendants' negligence and/or other wrongful acts or omissions.

60.    AIR CHINA and DOES 1-5, inclusive, and each of them, were in exclusive control of the operations of Flight 983, including those related to the service, inspection, maintenance, and/or repair of the aircraft, and owed non-delegable duties to all passengers for the aircraft's safe operation at all times.

61.    AIR CHINA and DOES 1-5, inclusive, and each of them, failed to keep Plaintiffs safe throughout the flight and were directly responsible for the "accident" and the resulting injuries and damages suffered by Plaintiffs.

## SECOND CAUSE OF ACTION

### (Negligence)

### By All PLAINTIFFS Against AIR CHINA and DOES 1-5

62.    Plaintiffs hereby incorporate by reference all prior paragraphs of this complaint and makes said paragraphs part of this first cause of action, as though fully set forth herein at length.

63.    At all relevant times, AIR CHINA and DOES 1-5, inclusive, and each of them, owed Plaintiffs the highest duty of care as a common carrier to ensure that Plaintiffs were transported to their destination without injury.

64.    AIR CHINA and DOES 1-5, inclusive, and each of them, and their employees, agents, servants and/or contractors breached that aforesaid duty in that they:

a.  failed to properly recognize a false indication and / or erroneous information regarding smoke and / or fire in the cargo hold;

b.  failed to properly and safely implement an evacuation including but not limited to, failing to properly operate and instruct on the use of the subject aircraft's evacuation slide(s) in a manner to avoid injury to passengers;

c.  failed to provide training and provide adequate warnings and instructions regarding the use and deployment of the evacuation slides and / or systems;

d.  failed to properly train their flight crew on how to identify a false indication of smoke and /or fire in the cargo hold, and / or how to respond with appropriate action;

e.  recklessly and carelessly caused and permitted the aircraft, its equipment, and / or the embarkation and debarkation areas to be operated in a hazardous, unsafe and dangerous manner;

f.  failed to provide and enforce adequate maintenance and inspections of the subject aircraft and its equipment including but not limited to the smoke sensors and fire alarms;

g.  failed to ensure that the condition of the flight, the aircraft and /or the embarkation and debarkation areas were free of hazards, defects or dangerous conditions that may have resulted in injuries to the passengers;

h.  carelessly violated their duties to passengers lawfully boarding and deboarding the subject flight by permitting, creating, causing and allowing the existence of hazardous, unsafe and dangerous conditions and failing to take suitable precautions for the safety of persons lawfully boarding and deboarding the flight;

i.  failed to warn passengers on the subject flight about the existence

of the aforesaid dangerous and unsafe conditions;

j.   failed to implement appropriate policies and procedures to ensure that passengers on the subject flight would be transported to their destination without undue risk of injury.

65.    As a result of the breach of duty by AIR CHINA and DOES 1-5, inclusive, and each of them, Plaintiffs suffered injuries for which they are entitled to damages, and AIR CHINA and DOES 1-5, inclusive, and each of them, are liable to pay full, fair and reasonable damages to Plaintiffs pursuant to all applicable law.

WHEREFORE, Plaintiffs respectfully request this Court to grant judgment in their favor and against AIR CHINA and DOES 1-5, inclusive, and each of them, as follows:

1.    For damages to be awarded in an amount to be determined at trial, including general, special, compensatory, consequential and/or incidental damages;

2.    For medical and related expenses in an amount to be determined at trial;

3.    For lost earnings and loss of earning capacity in an amount to be determined at trial; and

4.    For such other legal and equitable relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs request a trial by jury on all issues so triable.

DATED:  March 3, 2020          **NELSON & FRAENKEL LLP**


                               _By:/s/ Carlos F. Llinas Negret_
                               Stuart R. Fraenkel
                               Nicole Andersen
                               Carlos F. Llinas Negret
                               Attorneys for Plaintiffs